United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-40175
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

NILO ALBERTO NUNEZ,

Defendant-

Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-8-1
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

Nilo Alberto Nunez appeals the 96 month sentence imposed following his guilty plea

conviction for conspiracy to possess with the intent to distribute between 100-1000 kilograms of

marijuana. Nunez argues that the district court erred by enhancing his offense level four points for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his being a leader or organizer under U.S.S.G. § 3B1.1.  He also contends that the district court erred by failing to articulate reasons for the imposition of his sentence and that the court violated U.S.S.G. § 1B1.8 by using statements Nunez made to a probation officer to determine Nunez's sentence.

According to the presentence report and the factual basis, Nunez purchased a large amount of marijuana and recruited a driver to transport the marijuana to Miami.  Following his arrest, Nunez instructed other individuals to take responsibility for the offense and offered money to these individuals if they complied.  Based on these facts, we find that the district court did not clearly err in imposing the enhancement for Nunez's role as a leader in the offense.  *See United States v. Villanueva*, 408 F.3d 913, 203 & n.9 (5th Cir. 2005).

Nunez's argument that the district court should have articulated reasons for the imposition of his sentence is without merit.  Because the district court imposed a sentence within the properly calculated guidelines range, the court was not required to provide an explicit statements of its rationale under 18 U.S.C. § 3553(a).  See United States v. Mares, 403 F.3d 511, 519 (5th Cir. 2005).

The district court did not violate U.S.S.G. § 1B1.8 by using self-incriminating statements made by Nunez to determine his sentence.  Nunez's plea agreement did not contain a cooperation provision.  Therefore, § 1B1.8 is inapplicable.  Regardless, the information provided to the probation officer by Nunez was only part of the information used by the court to determine Nunez's sentence.  The district court's consideration of Nunez's statements does not constitute plain error.  *See United States v. Olano*, 507 U.S. 725, 732-34 (1993).  Accordingly, the judgment of the district court is AFFIRMED.